

FILED

DEC 1 4 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re:                                    Case No. 15-22784-B-13

JOSEPH CHARLES ADKINS and                 DC No. DBJ-3
HEATHER ANN ADKINS,

                    Debtor(s).

## MEMORANDUM DECISION DENYING TRI COUNTIES BANK'S MOTION FOR RECONSIDERATION

### Introduction

Secured creditor Tri Counties Bank moves for reconsideration of the court's earlier order valuing its collateral and bifurcating its secured claim under a second deed of trust into secured and unsecured claims. The court bifurcated Tri Counties' secured claim because, in addition to a lien on the principal residence of debtors Joseph Charles Adkins and Heather Ann Adkins located at 1940 Morning Star Way, Shasta Lake, California, 96019, Tri Counties' second deed of trust granted a security interest in personal property not affixed to the residence. Because of that security interest, the court concluded that Tri Counties' secured claim was not protected by the anti-modification provision of 11 U.S.C. § 1322(b)(2) which prohibits modification of a claim secured only by a debtor's principal residence. The court now reaffirms that ruling.

**Background**

On or about April 5, 2007, Mr. Adkins executed a second deed of trust in favor of North Valley Bank.[1] That second deed of trust secures a promissory note in the original principal amount of $25,000.00. It creates a lien on the debtors' residence. And it grants a security interest in personal property that is not affixed to the debtors' residence.

The debtors filed a chapter 13 petition on April 6, 2015. On June 18, 2015, the debtors moved to value their residence at $75,000.00, subject to a first deed of trust in the amount of $81,256.23. According to the debtors, that rendered the Tri Counties' second deed of trust with a balance of $25,917.50 wholly unsecured and left Tri Counties with a secured claim valued at $0.00.

Tri Counties objected to the debtors' valuation and submitted an appraisal which valued the debtors' residence at $85,000.00. The court held a hearing on the debtors' valuation motion on August 12, 2015. The court accepted Tri Counties' appraisal and valued the debtors' residence at $85,000.00 in an order entered on August 17, 2015.

Based on the $85,000.00 valuation, the court bifurcated Tri Counties' claim into a secured claim of $3,743.77 ($85,000.00 valuation - $81,256.23 1st deed of trust) and a general unsecured claim for the balance. The court bifurcated Tri Counties'

---

[1] No party disputes that Tri Counties is now the beneficiary under that second deed of trust.

secured claim because it concluded that Tri Counties' second deed of trust created a lien on "Real Property" which consisted of the debtors' residence and also granted a security interest in "Personal Property" which, in addition to fixtures, included equipment and other articles of personal property not affixed to the debtors' residence.[2]

**Jurisdiction and Venue**

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). Venue is proper under 28 U.S.C. § 1409.

**Discussion**

<u>Reconsideration Under Federal Rule of Civil Procedure 60(b)(6) Applicable by Federal Rule of Bankruptcy Procedure 9024 is Appropriate.</u>

Tri Counties requests reconsideration under Rule 60(b)(6), which states:

> (b) . . . On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[2] Tri Counties' attorney initially concurred with this assessment on the record in open court.

. . . .

(6) any other reason that justifies relief.
Fed. R. Civ. Pro. (60)(b)(6).[3]

Relief from judgment for "any other reason" under Rule 60(b)(6) is limited to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances. In re Martinelli, 96 B.R. 1011, 1013 (9th Cir. BAP 1988) (citations omitted). Motions for reconsideration which revisit the same issues already ruled upon, or which advance supporting facts that were available when the issues were originally briefed, will generally not be granted. Alexander v. Bleau (In re Negrete), 183 B.R. 195, 197 (9th Cir. BAP 1995 (citation omitted)).

The court *sua sponte* raised the applicability of § 1322(b)(2) to Tri Counties' secured claim under its second deed of trust during the hearing on the debtors' valuation motion. In doing so, the parties did not have an opportunity to address § 1322(b)(2) or bifurcation of Tri Counties' secured claim prior to that hearing. Therefore, Tri Counties' motion under Rule 60(b)(6) is appropriately brought.

Tri Counties' Claim is Not Protected by the Anti-Modification Provision of § 1322(b)(2) Which Means Its Secured Claim May be Modified and Bifurcated Into Secured and Unsecured Claims.

The issue on reconsideration is whether Tri Counties'

---

[3]Federal Rule of Civil Procedure 60(b) is made applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024.

secured claim under its second deed of trust is protected by the anti-modification provision of § 1322(b)2). Section 1322(b)(2) states that a "plan may-

>     (2) modify the rights of holders of secured claims,
>     other than a claim secured only by a security interest
>     in real property that is the debtor's principal
>     residence, or of holders of unsecured claims, or leave
>     unaffected the rights of holders of any class of
>     claims[.]"

11 U.S.C. § 1322(b)(2).

Tri Counties relies primarily on In re Lee, 215 B.R. 22 (9th Cir. BAP 1997).[4] Tri Counties argues that its secured claim is protected by § 1322(b)(2) for two reasons: (1) the personal property encumbered by its second deed of trust is limited to fixtures which are part of the debtors' residence; and (2) even if the encumbered personal property is not limited to fixtures, the second deed of trust only encumbers personal property that is incidental to the debtors' residence and is of little or no value. Neither argument is persuasive.

Although several factors are considered in determining if personal property is a fixture, at a minimum, to be a fixture personal property must be affixed to real property. See Knell v. Morris, 247 P.2d 352, 355 (Cal. 1952). Tri Counties points out that the sub-paragraph entitled **Security Agreement** under the paragraph on page 4 of the second deed of trust entitled **SECURITY**

---

[4]Lee was decided under § 1123(b)(5) which is the chapter 11 counterpart to § 1322(b)(2). Cases interpreting one provision are applicable to interpretations of the other. See Wages v. J.P. Morgan Chase (In re Wages), 508 B.R. 161, 164 (9th Cir. BAP 2014); Benafel v. Onewest Bank, FSB (In re Benafel), 461 B.R. 581, 586-87 (9th Cir BAP 2011); see also Lee, 215 B.R. at 24.

-5-

**AGREEMENT; FINANCING STATEMENTS** states that the second deed of trust is "a Security Agreement to the extent any of the Property constitutes fixtures." However, Tri Counties ignores the next sub-paragraph entitled **Security Interest** which grants a security interest in two very different types of Personal Property: (1) that which is affixed and the debtors are prohibited from removing, severing, or detaching; and (2) that which is "not affixed" which the debtors are, upon default, required to gather together and assemble at a mutually convenient location and make available to Tri Counties within three days of a written demand.[5]

The term Personal Property is defined on Page 8 of the second deed of trust to include, in addition to fixtures, "all equipment, ... and other articles of personal property now or hereafter owned by [the debtors[.]]" When this definition is read in conjunction with the paragraph that grants a security interest in Personal Property that is "not affixed" to the debtors' residence – and that has to be gathered and is capable of being brought to and assembled at a location other than the debtors' residence – the court is persuaded that the security interest in Personal Property granted under Tri Counties' second deed of trust is not limited solely to fixtures. In other words,

---

[5] The sub-paragraph states as follows:
Upon default, trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

the definition of Personal Property in Tri Counties' second deed of trust captures equipment and other items of personal property that are not affixed to the debtors' residence and, in fact, exist apart from and are independent of the residence. Such items of personal property are not, and cannot be, fixtures. Moreover, the inclusion of such items in the definition of Personal Property and the grant of a security interest in those items reflects an intent that the second deed of trust also reach and encumber personal property that is not necessarily incidental to the debtors' residence and not of inconsequential value or worthless.

The applicability of § 1322(b)(2) is determined as of the petition date. Wages, 508 B.R. at 164; Benafel, 461 B.R. at 591. Additionally, and importantly here, a security agreement may be created by the integration of several documents which means a description of a collateral may exist in documents other than a security instrument itself. See, e.g., Nolden v. Plant Reclamation (In re Amex-Protein Dev. Corp.), 504 F.2d 1056, 1060 (9th Cir. 1974) ("there is no requirement that the description of collateral be complete within the four corners of the security agreement or other single document"). That is what exists here.

General descriptions of collateral are typically insufficient to create a security interest. See Cal. Comm. Code § 9108(c). However, Schedule B filed with the petition identifies numerous items of personal property the debtors owned on the petition date. A substantial number of those items have

nothing to do with the debtors' residence, and many could not even be affixed to the residence. Yet, all fit neatly within the definition of "articles of personal property now ... owned" that are "not affixed" to the debtors' residence. And in that context, all fall squarely within the definition of Personal Property encumbered by Tri Counties' second deed of trust.

The items of personal property identified in Schedule B are also not of insignificant value or worthless. Whereas Lee involved a loan of over $1,000,000.00 which rendered the additional personal property collateral in that case of little or no value, the $52,320.07 value of personal property identified in Schedule B and encumbered by the security interest granted in Tri Counties' second deed of trust is twice the amount of the unpaid loan balance. Those items are also claimed as exempt in Schedule C.

Further, in Lee there was a clear expression of the parties' intent in the deed of trust itself that personal property incidental to the debtor's residence such as the oven, range, washer, dryer, dishwasher, and refrigerator all were to be considered part of the residence. Indeed, the deed of trust in Lee expressly stated that all such items were conclusively deemed to be affixed to the real property. Here, in contrast, the items of personal property encumbered by the security interest granted under Tri Counties' second deed of trust are not limited to items that could be considered incidental to the debtors' residence. Indeed, many of the items listed on Schedule B have no

relationship to the residence. More importantly, Tri Counties points to no provision in its second deed of trust that states any or all of the items of Personal Property encumbered by a security interest are conclusively deemed to be affixed to the debtors' residence. In fact, inasmuch as the second deed of trust encumbers unrelated items of personal property that are "not affixed," it says the opposite.

In sum, Lee is factually distinct from this case and provides no support for Tri Counties' position on reconsideration. In addition to personal property that is affixed to the debtors' residence, i.e., fixtures, Tri Counties' second deed of trust also grants a security interest in identifiable personal property that is not affixed to the debtors' residence, that is not incidental to the debtors' residence, and that in relation to the loan balance owing on the promissory note secured by the second deed of trust is not of inconsequential value or worthless.

**Conclusion**

Based on the foregoing, the court reaffirms its prior ruling that Tri Counties is not secured only by the debtors' principal residence, it is not protected by the anti-modification provision of § 1322(b)(2), and its secured claim under its second deed of trust may be modified and bifurcated. Therefore, as previously stated in the Civil Minutes filed on August 12, 2015, and the Civil Minute Order entered on August 17, 2015, Tri Counties shall

have a secured claim on its second deed of trust in the amount of $3,743.77 as the amount of equity over and above the balance owing on the first deed of trust.  The remainder owing under the second deed of trust is a general unsecured claim.

    A separate order denying Tri Counties' motion for reconsideration will issue.

    Dated:   December 14, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Bonnie Baker
2400 Washington Avenue, Suite 210
P O Box 991471
Redding CA 96001

Douglas B. Jacobs
20 Independence Cir
Chico CA 95973

Jan P. Johnson
PO Box 1708
Sacramento CA 95812